IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | | |
|---|---|---|
| MOORE & MOORE, ETC., | ) | CIVIL NO. 05-00215 SOM-LEK |
| Plaintiff, | ) | |
| vs. | ) | |
| SABRINA STEVENS, | ) | |
| Defendant. | ) | |

**ORDER GRANTING MOTION TO WITHDRAW AS COUNSEL**

Nelson Goo, Esq., represents Plaintiff Moore & Moore, a California Trust under Trust Agreement of January 7, 1997 ("Plaintiff"). Before the Court is Mr. Goo's Motion to Withdraw as Counsel ("Motion"), filed on August 28, 2006. Defendant Sabrina Stevens ("Defendant") filed a statement of no position on September 8, 2006. On October 18, 2006, Mr. Goo filed a supplemental memorandum in support of the Motion and Teresa J. Moore, Plaintiff's Managing Agent, filed a declaration in opposition to the Motion. This matter came on for hearing on September 13, 2006 and October 18, 2006. Appearing were Mr. Goo, Jay T. Suemori, Esq., on behalf of Defendant, and Ms. Moore.[1] After careful consideration of the Motion, supporting and opposing documents, and the arguments of counsel, Mr. Goo's Motion is HEREBY GRANTED for the reasons set forth below.

---

[1] Ms. Moore appeared via telephone at the September 13, 2006 hearing and appeared in person at the October 18, 2006 hearing.

## BACKGROUND

The instant case arises from a property dispute between Plaintiff and Defendant. The Complaint alleges that they had an agreement to share equally in the net proceeds from a piece of property, but Defendant did not sign the document and has not honored the agreement.

Mr. Goo now seeks to withdraw as counsel for Plaintiff, citing irreconcilable differences. In the Motion, Mr. Goo stated that he could not explain the nature of his differences with Plaintiff due to attorney-client privilege, but he stated that he can no longer ethically continue to represent Plaintiff. He argued that Plaintiff will be able to secure substitute counsel, as it has in other unrelated cases. Mr. Goo states that he will ensure a smooth transition to new counsel so that Plaintiff is not prejudiced.

Defendant filed a statement of no position on September 8, 2006. Defendant, however, expressed concern that the case has already been repeatedly rescheduled due in large part to Plaintiff's failure to comply with Defendant's reasonable discovery requests. For example, Ms. Moore failed to appear for her deposition on August 31, 2006. Defendant states that she will be filing a motion for sanctions, including dismissal of the case. Defendant is concerned that, in light of Mr. Goo's withdrawal, Plaintiff and Ms. Moore will further delay the case.

At the September 13, 2006 hearing, this Court continued the matter to allow Mr. Goo and Ms. Moore to meet and attempt to work out their differences.  If they were unable to do so, Plaintiff was to retain replacement counsel.

In his October 18, 2006 memorandum, Mr. Goo stated that he met with Ms. Moore on October 17, 2006 and she informed him that Plaintiff intended to allege, *inter alia*, that he committed malpractice.  He also stated that he has spent approximately 215 hours working on cases for Plaintiff, incurring fees of least $43,000.00.  Plaintiff, however, has only paid him $12,000.00 and has not made any payments since December 2005.  Mr. Goo stated that Plaintiff can retain new counsel but has failed to do so.

Mr. Goo also stated that Plaintiff has changed its position numerous times and has mis-stated facts.  He and Plaintiff have had significant differences throughout the case.  Mr. Goo warned Plaintiff that he would not tolerate misconduct and would not risk his reputation, but Plaintiff has not heeded his warnings.  Finally, Mr. Goo stated that his withdrawal would not prejudice Plaintiff.  All discovery, except for Ms. Moore's deposition, has been completed, and Plaintiff now has all the case files and is aware of all deadlines.

In her October 18, 2006 declaration in opposition to the Motion, Ms. Moore acknowledged that she and Mr. Goo had personal differences, but she argued that it should not interfere

with his professional obligations to Plaintiff.  She argued that Mr. Goo's withdrawal would prejudice Plaintiff because retaining new counsel would be a great financial burden.  At the hearing on the Motion, Ms. Moore disputed Mr. Goo's claim that Plaintiff has not paid for his legal services.

## DISCUSSION

Local Rule 86.3 provides that a court may permit an attorney to withdraw upon a motion establishing "good cause."  A court should grant an attorney's motion to withdraw where there is a conflict of interest or an irreconcilable conflict between the attorney and the client which is so severe that it results in a complete lack of communication preventing adequate representation.  See United States v. Cole, 988 F.2d 681, 683 (7th Cir. 1993).  This Court finds that the conflict between Ms. Moore, Plaintiff's principal, and Mr. Goo is so severe that it has resulted in a complete lack of communication and prevents adequate representation.

Even where good cause exists, however, other factors may take precedence.  See In re Tutu Wells Contamination Litig., 164 F.R.D. 41, 44 (D.V.I. 1995).  For example, the court may consider: the extent to which withdrawal will disrupt the case; how long the case has been pending; the financial burden the client will face in finding new counsel; see Byrd v. Dist. of Columbia, 271 F. Supp. 2d 174, 176 (D.D.C. 2003); prejudice to

other parties; and whether withdrawal will harm the administration of justice; see <u>United States ex rel. Cherry Hill Convalescent Ctr., Inc. v. Healthcare Rehab Sys., Inc.</u>, 994 F. Supp. 244, 252-53 (D.N.J. 1997).

Plaintiff originally filed her Complaint on March 29, 2005, and trial in this matter is currently set for May 1, 2007. This Court therefore finds that Mr. Goo's withdrawal will not cause significant disruption to the case and will not harm the administration of justice.  This Court acknowledges that the retention of substitute counsel places a financial burden on Plaintiff and that Defendant may suffer some prejudice in light of the current dispute over Ms. Moore's deposition.  The Court, however, finds that these factors do not outweigh the irreconcilable differences between Mr. Goo and Plaintiff.  This Court therefore finds that there is good cause to permit Mr. Goo to withdraw as counsel for Plaintiff.[2]

## **CONCLUSION**

On the basis of the foregoing, Mr. Goo's Motion to Withdraw as Counsel, filed August 28, 2006, is HEREBY GRANTED.

This Court cautions Plaintiff that, as a business entity, it cannot appear without counsel admitted to practice in this district and any filings made prior to the retention of new

---

[2] In light of this Court's ruling, it need not reach the dispute about the outstanding legal fees.

5

counsel may be stricken and may lead to sanctions.  The Court ORDERS Plaintiff to appear, with new counsel who must be physically present, at a status conference on November 15, 2006, at 9:00 a.m., before this Court.  The Court instructs the Clerk's Office to serve a copy of this order on Ms. Moore via certified mail, return receipt requested.

        IT IS SO ORDERED.

        DATED AT HONOLULU, HAWAI`I, November 1, 2006.



     /S/ Leslie E. Kobayashi

Leslie E. Kobayashi
United States Magistrate Judge

**MOORE & MOORE V. SABRINA STEVENS; CIVIL NO. 05-00215 SOM-LEK; ORDER GRANTING MOTION TO WITHDRAW AS COUNSEL**