IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | | |
|---|---|---|
| MOORE & MOORE, ETC., | ) | CIVIL NO. 05-00215 SOM-LEK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| SABRINA STEVENS, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

### **ORDER DENYING PLAINTIFF'S MOTION FOR THE PARTY SUBSTITUTION**

Before the Court is Teresa Moore's Motion for the Party Substitution ("Motion"), filed on November 15, 2006.  Ms. Moore seeks substitution in place of Plaintiff Moore & Moore, a California Trust under Trust Agreement of January 7, 1997 ("Plaintiff").  Defendant Sabrina Stevens ("Defendant") filed her memorandum in opposition on November 29, 2006.  Ms. Moore filed a reply on December 13, 2006.[1]  The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules").  The hearing on the Motion, originally set for December 18, 2006 at

---

[1] The Court notes that the hearing on this matter was originally set for December 18, 2006.  Local Rule 7.4 requires that a party serve and file a reply memorandum in support of a hearing motion not more than eleven days prior to the hearing.  Ms. Moore's reply was therefore untimely, but, insofar as Defendant was not prejudiced by this late filing, the Court will consider Ms. Moore's reply.

9:30 a.m. is HEREBY VACATED.  After careful consideration of the Motion, supporting and opposing memoranda, and the relevant case law, the Motion is HEREBY DENIED for the reasons set forth below.

## BACKGROUND

The instant case arises from a property dispute between Plaintiff and Defendant.  The Complaint alleges that they had an agreement to share equally in the net proceeds from the property, but Defendant did not sign the document.  Plaintiff states that it expended substantial funds and efforts to secure the purchase of the property, but Defendant secured the financing and was named the sole owner of the property.  Plaintiff also performed other duties, including managing the rental of the property.  These actions were in accordance with the terms of the un-executed agreement.  Plaintiff alleges that Defendant refuses to sign the agreement and will not pay any proceeds to Plaintiff.  Plaintiff alleges a claim for specific performance, in addition to breach of contract and fraud claims.

On August 28, 2006, Plaintiff's counsel filed a motion to withdraw, which this Court granted at a hearing on October 18, 2006.  The Court also issued a written order on November 1, 2006.  The Court ordered Plaintiff to appear with new counsel at a status conference on November 15, 2006.  At the status conference, Ms. Moore appeared to inform the Court that Plaintiff

had not retained new counsel.[2]

Ms. Moore filed the instant Motion on November 15, 2006. She states that Plaintiff has assigned its rights in this action to her. Plaintiff attached a Claim Assignment executed by Claire E. Melde, Trustee, as proof of this transaction. Ms. Moore seeks to be substituted as the plaintiff in this action.

In her opposition, Defendant argues that the Court should strike the Motion because Ms. Moore is not a party to this case and has no authority or standing to file pleadings. Defendant argues that to allow the substitution would be the same as allowing Ms. Moore, who is not an attorney, to represent Plaintiff, which is prohibited by the applicable case law and Local Rule 83.6(b).

In her reply, Ms. Moore reiterates that, in light of the assignment, she should be substituted for Plaintiff and that there is no limitation on her ability to represent herself pro se. She states that she has not, and is not now, attempting to represent Plaintiff. Further, she is neither a partner, owner, trustee, nor principal of Plaintiff; she was merely the original grantor of the trust. Ms. Moore argues that Plaintiff cannot

---

[2] The Court issued an order to show cause why the case should not be dismissed because of Plaintiff's failure to retain counsel. The Court will address the responses to the order to show cause in a separate order after a hearing on the order to show cause.

afford to retain new counsel and that the assignment of Plaintiff's claims to her was Plaintiff's only option.  The assignment was not an attempt to circumvent this Court's order.  Finally, Ms. Moore argues that she is entitled to intervene as a matter of right pursuant to Federal Rule of Civil Procedure 24.

## **DISCUSSION**

As an initial matter, this Court declines to strike the Motion on the ground that Ms. Moore is not a party.  Plaintiff could not file a motion for substitution because it is not represented by counsel and cannot proceed pro se.  Further, the instant Motion is the vehicle by which Ms. Moore seeks to become a party to this action.

It is well established that a corporation may only appear in federal court through licensed counsel.  See Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 201-02 (1993); see also 28 U.S.C. § 1654; Local Rule LR83.6(b).  This rule also applies to other artificial entities.  See Rowland, 506 U.S. at 202.  Pursuant to Federal Rule of Civil Procedure 25(c), Ms. Moore seeks to have herself substituted in place of Plaintiff.

Rule 25(c) provides, in pertinent part: "In case of any transfer of interest, the action may be continued by or against the original party, unless the court upon motion directs the person to whom the interest is transferred to be substituted in

the action or joined with the original party. . . ." Fed. R. Civ. P. 25(c). The decision whether to allow substitution based on an assignment of interest is within the court's sound discretion. See In re Bernal, 207 F.3d 595, 598 (9th Cir. 2000) (discussing Federal Rule of Bankruptcy Procedure 7025, which adopts Rule 25(c) by reference).

The federal courts, however, have disapproved of the procedure employed here, *i.e.* assigning a corporation's claims to a non-lawyer to pursue the claims pro se. See Palazzo v. Gulf Oil Corp., 764 F.2d 1381, 1385-86 (11th Cir. 1985); Jones v. Niagara Frontier Transp. Auth., 722 F.2d 20, 23 (2d Cir. 1983); Capital Group, Inc. v. Gaston & Snow, 768 F. Supp. 264, 265-66 (E.D. Wis. 1991); see also Nat'l Indep. Theatre Exhibitors, Inc. v. Buena Vista Distribution Co., 748 F.2d 602, 609-10 (11th Cir. 1985) (affirming the denial of a non-lawyer's motion for substitution after he dissolved the plaintiff entity).

In Jones, the court noted that the policy reasons for the rule prohibiting non-lawyers from representing corporations include: the burden created for the client and its adversaries when a non-lawyer conducts a case; and the non-lawyer's lack of the ethical responsibilities that attorneys are subject to. See 722 F.2d at 22. Thus, in light of these reasons, "the federal courts have, in cases governed by federal law, disapproved any circumvention of the rule by the procedural device of an

assignment of the corporation's claims to the lay individual."
Id. at 23 (citing Heiskell v. Mozie, 82 F.2d 861 (D.C. Cir. 1936)
(dictum); Mercu-Ray Indus., Inc. v. Bristol-Myers Co., 392 F.
Supp. 16, 18-20 (S.D.N.Y.), aff'd mem., 508 F.2d 837 (2d Cir.
1974)). Further,

> To allow [the lay individual] to appear *pro se* in
> this suit would be allowing him to flout a
> well-established and purposeful public policy by
> means of a procedural device. [The lay
> individual] chose to accept the advantages of
> incorporation and must now bear the burdens of
> that incorporation; thus, he must have an attorney
> present the corporation's legal claims.

Id. (quoting Mercu-Ray, 392 F. Supp. at 20) (alterations in
original). This Court agrees with the court in Jones, and finds
that to allow Ms. Moore, proceeding pro se, to prosecute
Plaintiff's claims pursuant to the assignment would be improperly
circumventing the requirement that a legal entity be represented
by counsel. This rule applies to the present case despite the
fact that Ms. Moore does not bear the title of Plaintiff's
partner, owner, trustee, or principal. Ms. Moore has previously
described herself as Plaintiff's agent and Defendant has alleged
that Ms. Moore is Plaintiff's alter ego. Thus, Ms. Moore is
apparently not as removed from Plaintiff's management as she now
presents herself to be. This Court therefore finds that, despite
the transfer of interest to Ms. Moore, the action should continue
to be prosecuted by Plaintiff.

Finally, this Court notes that Ms. Moore alleged in her reply memorandum that she was entitled to intervention as a matter of right pursuant to Federal Rule of Civil Procedure 24. Ms. Moore, however, brought the instant Motion pursuant to Rule 25. Ms. Moore cannot raise a new argument in the reply. See Local Rule 7.4 ("A reply must respond only to arguments raised in the opposition. Any arguments raised for the first time in the reply shall be disregarded."). Ms. Moore must file a separate motion to intervene pursuant to Rule 24. This Court expresses not opinion on the merits of Ms. Moore's claim that she is entitled to intervention as of right.

## CONCLUSION

On the basis of the foregoing, the Motion for the Party Substitution, filed November 15, 2006, is HEREBY DENIED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAI`I, December 15, 2006.



/S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge

**MOORE & MOORE V. SABRINA STEVENS; CIVIL NO. 05-00215 SOM-LEK; ORDER DENYING PLAINTIFF'S MOTION FOR THE PARTY SUBSTITUTION**