IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | | |
|---|---|---|
| MOORE & MOORE, ETC., | ) | CIVIL NO. 05-00215 SOM-LEK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| SABRINA STEVENS, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**FINDING AND RECOMMENDATION THAT
CASE BE DISMISSED WITHOUT PREJUDICE**

On November 1, 2006, this Court issued an order allowing Nelson Goo, Esq., to withdraw as counsel for Plaintiff Moore & Moore, a California Trust under Trust Agreement of January 7, 1997, ("Plaintiff") based on a conflict between Mr. Goo and Plaintiff's principal, Teresa Moore.  The Court's order cautioned Plaintiff that, as a business entity, it could not appear without counsel.  The Court ordered Plaintiff to appear via new counsel at a status conference on November 15, 2006.  Ms. Moore appeared at the November 15, 2006 status conference and informed the Court that Plaintiff had not retained new counsel.  Following the status conference, this Court issued an order to show cause why the case should not be dismissed for failure to retain counsel ("OSC").  The hearing on the OSC was set for December 18, 2006.  Ms. Moore filed an opposition to the OSC on November 30, 2006, noting that she had filed a motion to be substituted as the plaintiff in this action.  This Court

denied Ms. Moore's motion for substitution and continued the hearing on the OSC to January 18, 2007. Plaintiff failed to appear at the January 18, 2007 hearing. Further, no one contacted the Court or defense counsel to request a continuance on Plaintiff's behalf and there is no indication that Plaintiff has retained new counsel.

Courts do not take failure to comply with court orders lightly. Rule 16(f) provides, in pertinent part:

> If a party or party's attorney fails to obey a scheduling or pretrial order, . . . the judge, upon motion or the judge's own initiative, may make such orders with regard thereto as are just, and among others any of the orders provided in Rule 37(b)(2)(B),(C),(D).

Fed. R. Civ. P. 16(f). Rule 37(b)(2)(C) provides that, if a party fails to obey a court order, the court may "dismiss[] the action or proceeding or any part thereof . . . ." Fed. R. Civ. P. 37(b)(2)(C).

In addition, Rule 41(b) provides for involuntary dismissal for "failure of the plaintiff to prosecute or to comply with . . . any order of court . . . ." Fed. R. Civ. P. 41(b). Unless the court in its order for dismissal otherwise specifies, a dismissal under this rule operates as an adjudication upon the merits. See id.

Plaintiff failed to comply with the OSC and cannot prosecute this case without counsel. This Court has given Plaintiff ample opportunity to retain new counsel, but Plaintiff

has failed to do so.  After weighing the five dismissal factors set forth in Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000),[1] the Court finds that the public interest in expeditious resolution of this litigation and the court's interest in managing the docket strongly outweigh the policy favoring disposition of cases on the merits.  Moreover, Defendant Sabrina Stevens will not be prejudiced and there are no less drastic alternatives available at this time.

In accordance with the foregoing, this Court RECOMMENDS that this case be dismissed without prejudice.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAI`I, January 19, 2007.



/S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge

**MOORE & MOORE, ETC. V. SABRINA STEVENS; CIVIL NO. 05-00215 SOM-LEK; FINDING AND RECOMMENDATION THAT CASE BE DISMISSED WITHOUT PREJUDICE**

---

[1] The Ninth Circuit has delineated five factors a district court must weigh in determining whether to dismiss a case for failure to comply with a court order: "1) the public interest; 2) the court's need to manage the docket; 3) the risk of prejudice to the defendant; 4) the public policy favoring disposition of cases on their merits; and 5) the availability of less drastic alternatives."  Bautista, 216 F.3d at 841 (citation omitted).