IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | | |
|---|---|---|
| MOORE & MOORE, ETC., | ) | CIVIL NO. 05-00215 SOM-LEK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| SABRINA STEVENS, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**REPORT OF SPECIAL MASTER ON DEFENDANT'S MOTION FOR
ATTORNEYS' FEES AND COSTS ASSOCIATED WITH OBTAINING
DISMISSAL OF CASE BROUGHT BY PLAINTIFF MOORE & MOORE**

Before the Court, pursuant to a designation by United
States District Judge Susan Oki Mollway, is Defendant
Sabrina Stevens' ("Defendant") Motion for Attorneys' Fees and
Costs Associated with Obtaining Dismissal of Case Brought by
Plaintiff Moore & Moore ("Motion"), filed August 8, 2007.
Plaintiff Moore & Moore, a California Trust under Trust Agreement
of January 7, 1997 ("Plaintiff"), did not respond to the Motion.
Defendant requests $26,757.50 in attorney's fees and $980.40 in
non-taxable expenses, for a total of $27,737.90.  In accord with
Rule 7.2(d) of the Local Rules of Practice of the United States
District Court of the District of Hawai`i ("Local Rules"), the
Court finds these matters suitable for disposition without a
hearing.  After reviewing the Motion and the relevant case law,
the Court FINDS and RECOMMENDS that the Motion should be GRANTED
IN PART AND DENIED IN PART.  The Court RECOMMENDS that

Defendant's request for attorney's fees be GRANTED IN PART AND
DENIED IN PART and that Defendant's request for costs be DENIED
WITHOUT PREJUDICE.  This Court RECOMMENDS that the district judge
award Defendant $18,750.00 in attorney's fees.

## BACKGROUND

The instant case arises from a property dispute between
Plaintiff and Defendant.  The Complaint alleges that they had an
agreement to share equally in the net proceeds from the property,
but Defendant did not sign the written contract.  Plaintiff
allegedly expended substantial funds and efforts to secure the
purchase of the property, but Defendant secured the financing and
was named the sole owner of the property.  Plaintiff also
performed other duties, including managing the rental of the
property.  These actions were allegedly in accordance with the
terms of the un-executed agreement.  Plaintiff claimed that
Defendant refused to sign the agreement and would not pay any
proceeds to Plaintiff.  Plaintiff alleged a claim for specific
performance, in addition to breach of contract and fraud claims.

On August 28, 2006, Plaintiff's counsel filed a motion
to withdraw, which this Court granted at a hearing on October 18,
2006.  The Court also issued a written order on November 1, 2006.
The Court ordered Plaintiff to appear with new counsel at a
status conference on November 15, 2006.  At the status
conference, Teresa Moore, who the original grantor of the trust

and who described herself as Plaintiff's agent, appeared to inform the Court that Plaintiff had not retained new counsel. On November 15, 2006, the Court issued an order to show cause why the case should not be dismissed because of Plaintiff's failure to retain counsel.

Ms. Moore responded to the order to show cause, noting that she had filed a motion seeking to be substituted as the plaintiff in this action. She stated that Plaintiff assigned its rights in this action to her. On December 15, 2006, this Court issued an order denying Ms. Moore's motion for substitution in light of case law disapproving of the practice of assigning a legal entity's claims a non-lawyer to prosecute pro se.

This Court held a hearing on the order to show cause on January 18, 2007. Neither Ms. Moore nor any one else appeared on Plaintiff's behalf. On January 22, 2007, this Court issued its findings and recommendation that the case be dismissed without prejudice because Plaintiff failed to retain counsel and could not prosecute the case without counsel. The district judge adopted this Court's recommendation and the Clerk of the Court issued final judgment dismissing the case without prejudice on February 12, 2007.

Defendant filed a motion for attorney's fees and costs on June 1, 2007. On July 10, 2007, this Court issued its findings and recommendation that the motion be dismissed without

3

prejudice because Defendant failed to include supporting documentation for her request.  This Court recommended that the district judge require Defendant to refile her motion by August 10, 2007.  The district judge adopted this Court's recommendation on July 30, 2007.

Defendant filed the instant Motion on August 8, 2007. Defendant argues that she is entitled to attorney's fees and costs because Plaintiff filed suit in federal court based on diversity jurisdiction and Hawai`i state law therefore applies. Defendant contends that the action is in the nature of assumpsit and attorney's fees are mandatory pursuant to Haw. Rev. Stat. § 607-14.  Defendant requests $26,757.50[1] in attorney's fees and $980.40 in costs, [Exh. E to Motion,] which she argues is less than twenty five percent of Plaintiff's claim.

**DISCUSSION**

**I.   Attorneys' Fees**

A federal court sitting in diversity must apply state law in determining whether the prevailing party is entitled to

---

[1] Exhibit E states that Defendant requests payment for 152.9 hours of attorney's fees at $175 per hour, for a total of $26,757.50.  Exhibit D, however, states that "JTS" – Jay T. Suemori – spent 178.1 hours on the case and "RF" – presumably Renee Furuta – spent 5.1 hours.  The Court is unable to reconcile the differences between the two exhibits.  Insofar as Exhibit D includes neither hourly rates nor the total amount requested, the Court will consider Exhibit E as representing Defendant's request.  The Court assumes that the 152.9 hours requested represents only Mr. Suemori's time.

attorney's fees.   See Farmers Ins. Exch. v. Law Offices of

Conrado Joe Sayas, Jr., 250 F.3d 1234, 1236 (9th Cir. 2001).

Under Hawai`i law, "[o]rdinarily, attorneys' fees cannot be

awarded as damages or costs unless so provided by statute,

stipulation, or agreement." Stanford Carr Dev. Corp. v. Unity

House, Inc., 111 Hawai`i 286, 305, 141 P.3d 459, 478 (2006)

(citation and quotation marks omitted).

### A.   **Applicability of Haw. Rev. Stat. § 607-14**

Defendant seeks an award of fees pursuant to Haw. Rev.

Stat. § 607-14, which states, in pertinent part:

> In all the courts, in all actions in the nature of
> assumpsit and in all actions on a promissory note
> or other contract in writing that provides for an
> attorney's fee, there shall be taxed as attorneys'
> fees, to be paid by the losing party and to be
> included in the sum for which execution may issue,
> a fee that the court determines to be reasonable;
> provided that the attorney representing the
> prevailing party shall submit to the court an
> affidavit stating the amount of time the attorney
> spent on the action and the amount of time the
> attorney is likely to spend to obtain a final
> written judgment, or, if the fee is not based on
> an hourly rate, the amount of the agreed upon fee.
> The court shall then tax attorneys' fees, which
> the court determines to be reasonable, to be paid
> by the losing party; provided that this amount
> shall not exceed twenty-five per cent of the
> judgment.

A court awarding attorneys' fees pursuant to § 607-14 must

apportion the fees claimed between assumpsit and non-assumpsit

claims, if practicable.   See Blair v. Ing, 96 Hawai`i 327, 332,

31 P.3d 184, 189 (2001).

1.   **Prevailing Party**

The district judge dismissed Plaintiff's claims without prejudice and judgment was entered in Defendant's favor. Defendant is therefore the prevailing party in this action.

2.   **Assumpsit Claims**

Plaintiff's first claim sought specific performance of the parties' agreement regarding the real property ("Count One"). Plaintiff's second claim alleged breach of contract ("Count Two"), and its third claim alleged that Defendant made fraudulent misrepresentations in her dealings with Plaintiff ("Count Three"). As the prevailing party, Defendant is entitled to the attorney's fees she incurred in connection with the defense of any claims that were in the nature of assumpsit. "Assumpsit is a common law form of action which allows for the recovery of damages for non-performance of a contract, either express or implied, written or verbal, as well as quasi contractual obligations." 808 Dev., LLC v. Murakami, 111 Hawai`i 349, 366, 141 P.3d 996, 1013 (2006) (citation, emphases, and quotation marks omitted).

Plaintiff's claim for specific performance of the agreement is not in the nature of assumpsit. See Leslie v. Estate of Tavares, 93 Hawai`i 1, 7, 994 P.2d 1047, 1053 (2000) ("an equitable claim for relief is not in the nature of assumpsit" (citing Smothers v. Renander, 2 Haw. App. 400, 633

6

P.2d 556 (1981) (an action for specific performance is an
equitable remedy of ancient origin and is not an action "in the
nature of assumpsit")) (some citations omitted)).

Further, Plaintiff's claim for fraud is also not in the
nature of assumpsit.  In TSA International Limited v. Shimizu
Corp., TSA's complaint alleged fraud, breach of fiduciary duty,
and numerous statutory violations.  See 92 Hawai`i 243, 990 P.2d
713 (1999).  The Hawai`i Supreme Court held that the fraud claim
sounded it tort, noting that the mere fact that TSA's claims
related to agreements between the parties did not render the
action in the nature of assumpsit.  See id. at 264, 990 P.2d at
734.  Similarly, in the present case, although Plaintiff's fraud
claim may relate to the parties' agreement concerning the
property, the fraud claim does not seek to recover damages for
the nonperformance of the agreement.  Plaintiff's fraud claim
sounds in tort rather than assumpsit.  This Court therefore finds
that Defendant is not entitled to her attorney's fees incurred
defending against Counts One and Three.

Plaintiff's breach of contract claim does seek to
recover damages which Plaintiff allegedly suffered as a result of
Defendant's nonperformance of the parties' agreement.  Count Two
is therefore in the nature of assumpsit and Defendant is entitled
to the attorney's fees incurred in connection with Count Two.

Defendant did not attribute counsel's time entries to

7

separate claims.  In the light of the procedural posture of this
case, it appears that, other than drafting the answer,
Defendant's attorney spent no time solely on Counts One and
Three.  Even Defendant's Motion for Summary Judgment, filed
December 29, 2006, argued that she was entitled to summary
judgment on all claims because there was no contract between
Plaintiff and Defendant.  The Hawai`i Intermediate Court of
Appeals ("ICA") has stated that:

> When a cause of action for which attorney fees are
> provided by statute is joined with other causes of
> action for which attorney fees are not permitted,
> the prevailing party may recover only on the
> statutory cause of action.  However, the joinder
> of causes of action should not dilute the right to
> attorney fees.  Such fees need not be apportioned
> when incurred for representation of an issue
> common to both a cause of action for which fees
> are permitted and one for which they are not.  All
> expenses incurred on the common issues qualify for
> an award.  When the liability issues are so
> interrelated that it would have been impossible to
> separate them into claims for which attorney fees
> are properly awarded and claims for which they are
> not, then allocation is not required.

Porter v. Hu, 116 Hawai`i 42, 69, 169 P.3d 994, 1021 (App. 2007)
(quoting Akins v. Enter. Rent-A-Car Co., 94 Cal. Rptr. 2d 448,
452 (2000)).  In Porter, the ICA noted that the plaintiffs'
claims "were based on a common core of facts, occurred roughly
within the same two-month span of time, and were based on similar
legal theories[,]" and that "counsels' time was devoted largely
to the litigation as a whole and not divisible into discrete
slivers neatly matching each claim advanced."  Id.  The ICA held

8

that the circuit court did not abuse its discretion in awarding
the plaintiffs fifty percent of their requested fees for their
Haw. Rev. Stat. Chapter 481A claims, id. at 70, 169 P.3d at 1022,
even though it was only one of several claims, see id. at 47-48,
169 P.3d at 999-1000 (listing claims).

This Court therefore finds that an award of seventy
five percent of the compensable fees is appropriate.  This Court
now turns to the amount of the entitlement.

**B.   Calculation of Fees**

Hawai`i courts calculate reasonable attorneys' fees
based on a method that is virtually identical to the traditional
"lodestar" calculation set forth in Hensley v. Eckerhart, 461
U.S. 424, 433 (1983).  See DFS Group L.P. v. Paiea Props., 110
Hawai`i 217, 222, 131 P.3d 500, 505 (2006).  The court must
determine a reasonable fee by multiplying the number of hours
reasonably expended by a reasonable hourly rate.  See id. at 222-
23, 131 P.3d at 505-06.  In addition, Hawai`i courts may consider
the following factors:

> (1) the time and labor required, the novelty and
> difficulty of the questions involved and the skill
> requisite properly to conduct the cause; (2)
> whether the acceptance of employment in the
> particular case will preclude the lawyer's
> appearance for others in cases likely to arise out
> of the transaction, and in which there is a
> reasonable expectation that otherwise he would be
> employed, or will involve the loss of other
> employment while employed in the particular case
> or antagonisms with other clients; (3) the
> customary charges of the Bar for similar services;

9

(4) the amount involved in the controversy and the benefits resulting to the client from the services; (5) the contingency or the certainty of the compensation; and (6) the character of the employment, whether casual or for an established and constant client.

Chun v. Bd. of Trs. of Employees' Ret. Sys. of Hawai`i, 106 Hawai`i 416, 435, 106 P.3d 339, 358 (2005) (citations omitted). These factors, however, are merely guides; courts need not consider them in every case.  See id.  In certain types of cases, some of these factors may justify applying a multiplier to the "lodestar" amount.  See Chun v. Bd. of Trs. of Employees' Ret. Sys. of Hawai`i, 92 Hawai`i 432, 442, 992 P.2d 127, 137 (2000).

Defendant requests the following amounts for work performed in connection with this case:

| ATTORNEY | HOURS | RATE | LODESTAR |
|----------|-------|------|----------|
| Jay Suemori | 152.9 | $175 | $26,757.50 |

[Exh. E to Motion.]  Mr. Suemori was admitted to the Hawai`i bar in 1983.

### 1.   **Reasonable Hourly Rate**

The Hawai`i courts determine the reasonable hourly rate in a manner virtually identical to the traditional lodestar formulation and some courts have considered federal law in determining a reasonable hourly rate.  See, e.g., Reiche v. Ferrera, No. 24449, 2003 WL 139608, at *8 (Hawai`i Ct. App. Jan. 16, 2003) ("The reasonable hourly rate is that prevailing in the community for similar work." (citing United States v. Metro.

10

Dist. Comm'n, 847 F.2d 12, 19 (1st Cir. 1988)).  But see DFS
Group, 110 Hawai`i at 223, 131 P.3d at 506 (determining a
reasonable hourly rate by calculating the average of the four
requested rates).  This Court therefore finds that federal case
law on the determination of a reasonable hourly rate is
instructive in the instant case.

　　　　　In determining what is a reasonable hourly rate, the
experience, skill, and reputation of the attorney requesting fees
are taken into account.  See Webb v. Ada County, 285 F.3d 829,
840 & n.6 (9th Cir. 2002).  The reasonable hourly rate should
reflect the prevailing market rates in the community.  See id.;
Gates v. Deukmejian, 987 F.2d 1392, 1405 (9th Cir. 1992), as
amended on denial of reh'g, (1993) (noting that the rate awarded
should reflect "the rates of attorneys practicing in the forum
district"); see also Chun, 106 Hawai`i at 435, 106 P.3d at 358
(listing "the customary charges of the Bar for similar services"
as a factor that may be considered).  It is the burden of the fee
applicant to produce satisfactory evidence, in addition to an
affidavit from the fee applicant, demonstrating that the
requested hourly rate reflects prevailing community rates for
similar services.  See Jordan v. Multnomah County, 815 F.2d 1258,
1263 (9th Cir. 1987).

　　　　　Defendant submitted a declaration by Neal K. Aoki,
Esq., in support of her argument that the requested fees are

reasonable.   [Motion, Decl. of Neal K. Aoki, Esq.]   Mr. Aoki
states that he has been a member of the local bar for twenty-two
years and that he is familiar with cases of this nature.   He
believes that the requested time and fees are reasonable and
consistent with the prevailing standards in the legal community.
[Id. at ¶¶ 2-4.]   Further, this Court is well aware of the
prevailing rates in the community for similar services performed
by attorneys of comparable experience, skill and reputation.
Based on this Court's knowledge of the prevailing rates and
Defendant's submissions in this case, this Court finds that
Mr. Suemori's requested hourly rate is manifestly reasonable.

      2.   **Reasonable Hours Spent**

      For the reasoning stated in Section I.B.1., this Court
finds federal case instructive on the issue of the reasonable
number hours expended on the instant case.   Beyond establishing a
reasonable hourly rate, a prevailing party seeking attorneys'
fees bears the burden of proving that the fees and costs taxed
are associated with the relief requested and are reasonably
necessary to achieve the results obtained.   See Tirona v. State
Farm Mut. Auto. Ins. Co., 821 F. Supp. 632, 636 (D. Hawai`i 1993)
(citations omitted); see also Sharp v. Hui Wahine, Inc., 49 Haw.
241, 247, 413 P.2d 242, 246 (1966) (the party requesting fees has
the burden to prove that the requested fees were reasonably and
necessarily incurred).   The court must guard against awarding

fees and costs which are excessive, and must determine which fees
and costs were self-imposed and avoidable.  See Tirona, 821 F.
Supp. at 637 (citing INVST Fin. Group v. Chem-Nuclear Sys., 815
F.2d 391, 404 (6th Cir. 1987), cert. denied, 484 U.S. 927
(1987)).  This Court has "discretion to 'trim fat' from, or
otherwise reduce, the number of hours claimed to have been spent
on the case."  Soler v. G & U, Inc., 801 F. Supp. 1056, 1060
(S.D.N.Y. 1992) (citation omitted).  Time expended on work deemed
"excessive, redundant, or otherwise unnecessary" shall not be
compensated.  See Gates, 987 F.2d at 1399 (quoting Hensley, 461
U.S. at 433-34).

         This Court notes that work which is clerical in nature
should be subsumed in a law firm's overhead and is not
compensable in a motion for attorney's fees.  Mr. Suemori had
numerous entries, totaling approximately 2.5 hours, for telephone
calls to court staff concerning the scheduling of conferences,
hearings, and filing deadlines.  A judge's courtroom manager
handles such issues and telephone conferences with courtroom
managers are deemed clerical in nature and are not compensable.
The total hours in Defendant's request, however, is almost
twenty-five hours less than the total reflected in Exhibit D.
Exhibit D may be the total hours counsel spent on the case and
counsel may have made various adjustments to, and deductions
from, the total before submitting the instant Motion.  This Court

13

therefore finds that it is unnecessary to deduct additional time for the clerical tasks.  The Court finds the remainder of the time incurred by counsel to be reasonable.

### 3.   **Total Award**

Based on the foregoing, this Court finds that Defendant established the appropriateness of the following attorney's fees:

| ATTORNEY | HOURS | RATE | LODESTAR |
|---|---|---|---|
| Jay Suemori | 152.9 | $175 | $26,757.50 |
| 25% reduction for non-assumpsit claims | | | −$ 6,689.38 |
| | | **Total** | **$20,068.12** |

This Court finds it unnecessary to adjust the award amount based on the factors articulated in <u>Chun</u>.  <u>See</u> 106 Hawai`i at 435, 106 P.3d at 358.

Section 607-14 limits the award of attorney's fees to twenty-five percent of the judgment.  Attorney's fees assessed pursuant to § 607-14 are "assessed on the amount of the judgment exclusive of costs and all attorneys' fees obtained by the plaintiff, and upon the amount sued for if the defendant obtains judgment."  Haw. Rev. Stat. § 607-14.  In the instant case, Plaintiff did not request a specific amount of damages in her Complaint.  Defendant did not identify the amount of Plaintiff's claim in the instant Motion; she merely asserts that her request for attorney's fees is less than twenty-five percent of Plaintiff's claim.

14

In support of her Motion for Summary Judgment, Defendant submitted a copy of the Shared Equity Agreement which Plaintiff alleged represents the agreement between the parties. [Exh. B to Motion for Summary Judgment.] The Shared Equity Agreement states that the purchase price of the property was $117,000 and that Plaintiff and Defendant were each to have fifty percent ownership of the property. Defendant was named the sole owner of the property and allegedly refused to acknowledge Plaintiff's interest in the property. Thus, Plaintiff claimed that Defendant refused to acknowledge its fifty percent interest in a property purchased for $117,000. Plaintiff also claimed that it was entitled to fifty percent of the net proceeds of the property. [Complaint at ¶ 10.] Nothing in the Complaint or the record in this case indicates what the net proceeds on the property were. The Complaint, however, includes a prayer for relief of "[g]eneral, special and punitive damages in amounts which shall be shown at trial, but which amounts are within the minimum jurisdictional limit of this Court[.]" [Complaint at 7.] Based on the available information, the Court finds that the amount of Plaintiff's claim was $75,000.00. See 28 U.S.C. § 1332(a). The recommended award of attorney's fees in this case exceeds twenty-five percent of Plaintiff's claim. This Court therefore FINDS that Defendant is only entitled to twenty-five percent of $75,000.00 and RECOMMENDS that the district judge

15

award Defendant $18,750.00 in attorney's fees.

**II.   Costs**

Although § 607-14 does not expressly authorize an award
of costs in addition to attorney's fees, Hawai`i courts award
costs pursuant to § 607-14.   See, e.g., Fought & Co., Inc. v.
Steel Eng'g & Erection, Inc., 87 Hawai`i 37, 52, 951 P.2d 487,
502 (1998) (noting that appellate courts have jurisdiction to
award attorney's fees and costs on appeal pursuant to § 607-14).

Defendant requests the following non-taxable costs
pursuant to § 607-14:

| | |
|---|---|
| Photocopies | $387.00 |
| Courier Fees | $135.00 |
| Postage | $ 38.41 |
| Professional Copying | $ 11.13 |
| Lexis Research | $121.85 |
| Facsimiles | $  5.50 |
| Court Reporter Fees/Transcript | $ 72.50 |
| Sheriff's Fees | $209.01 |
| **Total** | **$980.04** |

[Exh. E to Motion.]  Although Defendant asserts that her
itemization of fees and costs complies with Local Rule 54.3,
[Mem. in Supp. of Motion at 5,] she did not include any invoices
or receipts.  See Local Rule 54.3(d)3. ("In addition to
identifying each requested non-taxable expense, the moving party
shall set forth the applicable authority entitling the moving
party to such expense and should attach copies of invoices and
receipts, if possible.").  If it was not possible for Defendant
to attach invoices or receipts, Defendant could have included a

16

declaration of counsel providing further information about the
individual cost requests.  This Court finds that Defendant has
not described the requested costs "in sufficient detail to enable
the court to rule on the reasonableness of the request[.]"  <u>See</u>
Local Rule 54.3(d).

The Court notes that Defendant was instructed that she
needed to file supporting documentation for her requested
attorney's fees and costs.  [Report of Special Master, filed
7/10/07, at 3 ("The Court further recommends that the district
court instruct Defendant that if she elects to refile her Motion,
. . . the Motion must comply with <u>all</u> Local Rules, <u>including but
not limited to Local Rule 54.3</u>." (emphases added)).]  This Court
therefore RECOMMENDS that the district judge DENY Defendant's
request for costs WITHOUT PREJUDICE.

<u>CONCLUSION</u>

In accordance with the foregoing, this Court, acting as
Special Master, FINDS and RECOMMENDS that Defendant's Motion for
Attorneys' Fees and Costs Associated with Obtaining Dismissal of
Case Brought by Plaintiff Moore & Moore, filed August 8, 2007, be
GRANTED IN PART and DENIED IN PART.  The Court RECOMMENDS that
Defendant's request for attorney's fees be GRANTED IN PART AND
DENIED IN PART and that the district judge award Defendant
attorney's fees in the amount of $18,750.00.  The Court further
RECOMMENDS that the district judge DENY Defendant's request for

17

costs WITHOUT PREJUDICE.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAI`I, February 14, 2008.



_/S/ Leslie E. Kobayashi_____
Leslie E. Kobayashi
United States Magistrate Judge

MOORE & MOORE, ETC. V. SABRINA STEVENS; CIVIL NO. 05-00215 SOM-LEK; REPORT OF SPECIAL MASTER ON DEFENDANT'S MOTION FOR ATTORNEYS' FEES AND COSTS ASSOCIATED WITH OBTAINING DISMISSAL OF CASE BROUGHT BY PLAINTIFF MOORE & MOORE